183 So.2d 863 (1966)
Paul DYE d/b/a River Park Trailer Park, Appellant,
v.
Russel REICHARD and Marjorie Reichard, His Wife, Appellees.
No. 30.
District Court of Appeal of Florida. Fourth District.
March 8, 1966.
Rehearing Denied March 31, 1966.
William H. Hoeveler and Robert F. Underwood, of Knight Underwood & Peters, Miami, for appellant.
Harry G. Carratt, of Morgan Carratt & O'Connor, Fort Lauderdale, for appellee Russel Reichard.
ANDREWS, Judge.
This is an appeal by the defendant, Paul Dye doing business as River Park Trailer Park, from a final judgment entered upon a jury verdict in favor of the plaintiff, Russel Reichard.
The plaintiffs, Russel Reichard and his wife Marjorie Reichard, brought suit against the defendant and Joseph E. Mobley for assault and battery. The plaintiffs filed one complaint which contained two counts. The first count set out severe injuries sustained by the husband, and the second count set out less serious injuries sustained by the wife. There were two distinct causes of action, neither claim being of a derivative nature. There was one trial resulting in two verdicts, one in favor of each plaintiff, and two judgments were entered, one in favor of each plaintiff. The verdict appealed is in favor of plaintiff, Russel Reichard, and against the defendants, Dye and Mobley, for $30,000 compensatory damages and $30,000 punitive damages.
The defendant filed one notice of appeal describing each judgment and where each was recorded. The plaintiff filed a motion *864 to dismiss on the ground that one notice of appeal is insufficient to appeal separate judgments. The Second District Court of Appeal allowed the appellant thirty days to amend his notice of appeal so that it would be addressed to only one of the judgments. Dye v. Reichard, Fla.App. 1964, 169 So.2d 39. The plaintiffs then sought a Writ of Prohibition against the court contending that the appeal should have been dismissed. The Supreme Court ordered the court to consider the appeal of the defendant, Paul Dye, from the judgment in favor of the plaintiff, Russel Reichard. State ex rel. Reichard v. Smith et al., Fla. 1965, 177 So.2d 340. The cause was transferred from the Second District Court of Appeal to the Fourth District Court of Appeal on November 3, 1965.
Upon trial the following facts were largely undisputed. Defendant-Dye owns the River Park Trailer Park, which had been abandoned except for defendant-Dye's trailer and defendant-Mobley's trailer. On Sunday, October 13, 1963, plaintiff, together with his wife and children, drove into the trailer park for the purpose of visiting friends who had lived there. When plaintiff saw that his friends had moved, he sought someone who would tell him where they had moved. Defendant-Mobley was leaving the park, but upon seeing the plaintiffs enter, identified himself as the manager and told the plaintiff that he would have to get out of the park. Mobley then drove some distance within the park and stopped. Plaintiff followed and parked his car behind Mobley's. Plaintiff again attempted to determine the whereabouts of his friends. After an exchange of words Mobley picked up a trailer jack out of his truck and threw it at plaintiff, missing him. Plaintiff picked up the jack and returned to his car to show it to his wife. Mobley said he thought Reichard was putting the jack in his car. Mobley then struck plaintiff with a second jack and with his fist resulting in severe injury to plaintiff. Mobley also shoved the plaintiff's wife against the car when she attempted to aid her husband. There is considerable dispute as to the scope of Mobley's employment by Dye as well as to Mobley's alleged dangerous propensities, but there seems to be no dispute that the act was an assault and battery.
Plaintiff based his complaint against defendant-Dye upon two grounds of liability: (1) that at the time of the assault defendant-Mobley was an employee of defendant-Dye and was acting within the scope of his employment, and alternatively (2) that Dye negligently hired and retained in his employ an employee with dangerous propensities which were known or should have been known by his employer.
The first question raised on appeal is the sufficiency of the evidence to support an action based on the doctrine of respondeat superior. A careful consideration of all the testimony, conflicting statements as to facts, various inferences and conclusions possible as to the employment, and the dangerous propensities of the defendant lead us to the conclusion that the matter is one that should be submitted to the jury. There is sufficient evidence, if believed by the jury, to support the verdict. In cases such as this no decisive test can be given as to what constitutes an act which would be construed within and about the employer's business. Under such circumstances the question as to whether or not an act was committed by a servant in the service of his employer or for his own purpose is one for the jury in considering all the circumstances. Dieas v. Associates Loan Company, Fla. 1957, 99 So.2d 279; Columbia By the Sea, Inc. v. Petty, Fla.App. 1963, 157 So.2d 190.
We have carefully reviewed the charges given the jury and all other questions presented on appeal, and find no reversible error.
Affirmed.
SMITH, C.J., and BARNS, PAUL D., Associate Judge, concur.