**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, a New York corporation, Plaintiff,**

v.

**Russel REICHARD, Marjorie Reichard and Paul Dye, d/b/a River Park Trailer Park, Defendants.**

Civ. No. 66–739.

United States District Court
S. D. Florida,
Miami Division.
Dec. 13, 1966.

Knight, Underwood, Peters, Hoeveler & Pickle, Miami, Fla., for plaintiff.

Morgan, Carratt & O'Connor, Fort Lauderdale, Fla., for defendants Reichard.

Carlisle, Zeiher & Byrd, Fort Lauderdale, Fla., for defendant Dye.

## PARTIAL SUMMARY JUDGMENT

CABOT, District Judge.

This is a suit by an insurance company seeking a declaratory decree adjudicating it not liable for $30,000.00 punitive damages, which the insured became liable for in a State Court proceeding.

Jurisdiction is founded upon diversity of citizenship. The case is before the Court upon plaintiff insurance company's motion for summary judgment and the plaintiff's motion to dismiss the counterclaim of defendant, Paul Dye.

### FACTS

The uncontested facts are that in October of 1963, defendant Paul Dye, d/b/a River Park Trailer Park, owned a trailer park and employed therein as caretaker, one Joseph Mobley. Russel Reichard and his wife, Marjorie Reichard, were tenants at this trailer park. For reasons not material here, it appears that Mobley assaulted and injured Russel Reichard. Reichard and his wife then sued Mobley and Dye in the State Courts. After a jury trial a final judgment was entered assessing $30,000.00 compensatory damages against Joseph Mobley and Paul Dye jointly. Punitive damages of $30,000.00 were also assessed against both Dye and Mobley separately. This was appealed and affirmed in Dye v. Reichard, 183 So.2d 863 (4th D.C.A., Fla.1966). The Supreme Court of Florida denied certiorari without opinion, thus upholding the trial court judgment. Dye v. Reichard, 188 So.2d 821 (Fla.1966).

Prior to the state litigation, plaintiff, Commercial Union Insurance Company of New York, had issued a policy to Paul Dye, d/b/a River Park Trailer Park, which purported to cover Dye for "all sums which the insured shall become legally obligated to pay as damages because of bodily injury." Pursuant to the state judgment, the insurance company would be liable for the damages assessed against Dye. Plaintiff now claims the policy did not cover punitive damages. Defendant Dye's response is that, as Mobley's employer, he is only vicariously liable and the general public policy which prohibits insuring oneself against punitive damages doesn't apply to him. It is noted that Dye did not participate in the assault, nor did he specifically direct that Mobley do so.

The essence of plaintiff's motion is that the State Court specifically found Dye liable for punitive damages. There was considerable testimony on whether Dye knew or should have known of his employee's dangerous propensities. Presumably this was to determine whether Dye had authorized Mobley's acts or whether he was negligent in retaining Mobley as caretaker when he knew, or should have known, that Mobley could be dangerous. The record shows that the jury was instructed on this point, and that they had a verdict form which provided a choice of assessing Mobley alone with punitive damages, or assessing Dye alone, or assessing both. The jury assessed punitive damages against both separately.

Dye has now filed affidavits in opposition to the motion for summary judgment stating that he had no knowledge of Mobley's dangerous propensities. For reasons to be explained, the Court finds that the factual issues, including the determination that Dye is liable for punitive damages, are res judicata, but that the insurance company is not liable for such damages.

Thus there are two issues: (1) whether an employer can insure himself against vicarious liability for punitive damages arising from an employee's acts which the employer acquiesced in or should have prevented; and (2) whether the State Court found that Paul Dye was liable for punitive damages because he knew or should have known of Mobley's propensity for malicious actions.

## LAW

■ The case of Northwest National Casualty Company v. McNulty, 307 F.2d 432 (5th Cir. 1962), appears to be controlling in the situation at bar. That case held that it is against public policy for one to insure himself against punitive damages, the theory being that punitive damages are in the nature of punishment for anti-social conduct, and one should not be allowed to insure against punishment.

Defendant Dye claims that this public policy does not apply to him as he is only vicariously liable for any of the damages. He cites Sterling Insurance Co. v. Hughes, 187 So.2d 898 (3d D.C.A.Fla. 1966), which enunciated the Florida law that "public policy is not violated by construing a liability policy to include punitive damages recovered by an injured person where the insured did not participate in or authorize the act." The fault with this argument is that Dye is more than vicariously liable.

The state trial judge instructed the jury on the issue of punitive damages. Among other instructions appears the following:

You are instructed that an employer is liable for the injuries inflicted by an employee who the employer hires or retains when he knows or should know that the employee is dangerous or incompetent, and this is so whether the injuries were inflicted by the employee outside of the scope of his employment.

There was testimony on the matter. The jury had a verdict form by which they could have found only Mobley, and not Dye, liable for punitive damages. Yet they specifically assessed punitive damages against both Mobley and Dye. Therefore, this constitutes a factual determination that Dye's own conduct in hiring or retaining an employee who he knew or should have known had dangerous propensities was the basis for the punitive damages awarded against Dye.

■ Since the issue was decided in the state trial court, affirmed on appeal by the district court of appeals, and certiorari denied by the State Supreme Court, this Court will not review that holding even though Dye now submits affidavits denying any knowledge of Mobley's character. The matter is res judicata.

■ The Florida cases cited by defendant also make it clear that Florida authorizes the assessment of punitive damages against an employer who knows of, or acquiesces in, his employee's anti-social acts. The Sterling case cited by defendant holds that punitive damages may be recovered against an employer if *the employer did not participate in or authorize the act.* To substantiate this statement, the Florida Court refers to the Eighth Circuit Federal case of Ohio Casualty Insurance Co. v. Welfare Finance Co., 75 F.2d 58, 60 (8th Cir. 1934), which said:

\* \* \* it would be against public policy to permit a person to protect himself in advance against the consequences of intentional wrongdoing injurious to others. A different situation is present where the sole liability of the insured arises out of the relation of master and servant. If the master participates in, authorizes, or knows in advance that his servant will probably commit the unlawful injurious act, then the situation may be analogous to where the insured himself commits an intentional act with an intended injury and the same reasons for holding a protecting policy invalid as to such acts would exist.

■ Since the State Court assessed punitive damages against Dye for what amounts to his own conduct, and since the

*Northwest* case prohibits insuring for punitive damages which are not vicarious, the plaintiff here cannot be liable for Dye's punitive damages. Thus, it is the holding of this Court that the law does not permit an employer to insure himself against punitive damages which arise from the acts of an employee, if the employer participates in or authorizes, or knows or should know in advance that his agent is likely to commit the unlawful injurious act.

 Plaintiff's motion to dismiss the defendant Dye's counterclaim is also before the Court at this time. The counterclaim alleges that the insurance company, which had undertaken the defense of Dye and Mobley in the State Court, failed to properly settle the claim. Evidently the insurance company did not inform Dye that it would deny liability for punitive damages. This is the situation which was found in the *Northwest* case. There the Fifth Circuit considered it a breach of duty by the insurance company in failing to inform the insured that it would deny liability for punitive damages. Northwest National Casualty Company v. McNulty, supra, 307 F.2d at 443. As in the *Northwest* case, this decision granting a summary judgment on the issue of the insurance company's liability for punitive damages is without prejudice to an action, if any, which defendant may have for breach of that duty. Therefore, the Court will deny the motion to dismiss the counterclaim with leave to the defendant Dye to amend the counterclaim to conform to this opinion.

It is ORDERED and ADJUDGED that:

1. Plaintiff's motion for summary judgment is granted and the plaintiff, Commercial Union Insurance Company of New York, is not liable on its contract, Policy No. 138–LD–04 20 05, for punitive damages assessed against defendant, Paul Dye, d/b/a River Park Trailer Park, and in favor of defendants, Marjorie or Russel Reichard.

2. Plaintiff's motion to dismiss the counterclaim is denied.

3. Defendant Dye shall have twenty (20) days from the date hereof in which to further amend his counterclaim, if he so elects, and plaintiff shall have twenty (20) days after receipt thereof in which to answer any further amended counterclaim, or if there be no further amendment, then the plaintiff shall have forty (40) days hereafter in which to reply to the counterclaim.