**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK,**
etc., Plaintiff,

v.

**Russel REICHARD, Marjorie Reichard and Paul Dye, d/b/a River Park Trailer Park, Defendants.**

No. 66–739–Civ.

United States District Court
S. D. Florida.

April 21, 1967.

Knight, Underwood, Peters, Hoeveler & Pickle, Miami, Fla., for plaintiff.

Morgan, Carratt & O'Connor, Fort Lauderdale, Fla., for defendants Russel and Marjorie Reichard.

Carlisle, Zeiher & Byrd, Fort Lauderdale, Fla., for defendant, Paul Dye.

## ORDER

CABOT, District Judge.

This cause came on for hearing on plaintiff's motion for judgment on the pleadings on the issues raised by defendants' counterclaim and the answer thereto. In his response to the motion, the defendant raises the issue of the validity of the partial summary judgment earlier entered in favor of the plaintiff on the complaint for declaratory decree and answer. Therefore, the Court also reconsiders the partial summary judgment for plaintiff and concludes that it was erroneously entered.

Upon examining the record, the Court finds that two instructions were given to the jury in the earlier action in the State Circuit Court, either of which would have been grounds for recovery against the employer Dye. As the Florida District Court of Appeal put it, the liability could be predicated on the grounds that:

(1) [A]t the time of the assault defendant-Mobley was an employee of defendant-Dye and was acting within the scope of his employment, and alternatively (2) that Dye negligently hired and retained in his employ an employee with dangerous propensities which were known or should have been known by his employer. Dye v. Reichard, 183 So.2d 863 (Fla.App.1966).

Thus, liability of the defendant Dye could have been based solely on the employer-employee relationship under the doctrine of respondeat superior, as in (1), or it could have been based upon respondeat superior, plus knowledge, as in (2). Neither the trial court nor appellate court held that liability was founded on either of these two grounds specifically, but rather the Florida District Court held only that the question of respondeat superior was properly submitted to the jury. Certiorari was denied without opinion in Dye v. Reichard, 183 So. 2d 863 (Fla.1966).

The cases clearly indicate that, while an insurance company is not liable for punitive damages assessed against an insured employer who knows of, or acquiesces in, his employee's antisocial acts, on the basis of public policy (see partial summary judgment granted in this cause . for authorities), the courts hold *contra* regarding liability of an insurance company for punitive damages where an employer did not participate in or authorize such acts.

Sterling Insurance Co. v. Hughes, 187 So.2d 898, 900 (Fla.App.1966), held that "there is a distinction between the actual tortfeasor and one only vicariously liable and that therefore public policy is not violated by construing a liability policy to include punitive damages recovered by an injured person where the insured did not participate in or authorize the act." See also Ohio Casualty Insurance Co. v. Welfare Finance Co., 75 F.2d 58 (8th Cir. 1934).

Based on the foregoing, there remains an issue as to a material fact, namely, upon which theory the defendant Dye was held liable in the State Court. If his liability stemmed strictly from respondeat superior, the plaintiff insurance company would be liable for any punitive damages assessed. If, on the other hand, the defendant Dye had sufficient knowledge of the dangerous propensities of his servant or aquiesced in his acts, the plaintiff insurance company is not liable for such punitive damages.

With regard to the judgment on the pleadings sought by plaintiff as to defendants' counterclaim for damages based on failure of plaintiff to settle the cause, the issues raised by this counterclaim are not resolved by the pleadings and facts alleged in this cause. It is, accordingly,

Ordered and adjudged that:

1. This Court's order of December 13, 1966, granting partial summary judgment in favor of plaintiff is vacated, and plaintiff's motion for summary judgment is denied.

2. Plaintiff's motion for judgment on the pleadings as to defendants' counterclaim for damages in failing to settle is denied.