JOHNSON, Judge.
This action was brought by appellant against appellee Concrete Construction Company and defendant Gerald Coffman to recover damages sustained by appellant as a result of the actions of Coffman, an employee of appellee. Appellee’s motion for summary judgment upon the grounds that Coffman was not acting in the course of and within the scope of his employment was granted, and it was ordered that the cause proceed as to defendant Coffman alone. Appellant now seeks reversal of that summary judgment upon the ground that the issue of whether Coffman was acting within the scope of his employment when the assault occurred was an issue for the jury.
 We must agree with the appellant and reverse the summary judgment entered in favor of appellee. We do not deem it necessary herein to set forth the factual details of the assault and attending circumstances. It is well-settled that the question of whether a tort committed by an agent is within the scope of his employment is normally to be determined by the jury, except in those cases in which a jury could reach only one conclusion that could be sustained. City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5th Cir., 1965). We do not believe that the present case fits into this *432 latter category. Here, there was evidence that appellant and Coffman had encountered difficulties prior to the incident which is the subject of this suit and that Coff-man’s superior had notice thereof. There was also evidence that Coffman felt somewhat pressured from his superiors to obtain greater and faster results and that, after this incident, appellee merely found him another job in another location. Wc think this evidence created a genuine issue of material fact and that the issue of whether Coffman was acting within the scope of his employment should have been submitted to the jury for its determination. Columbia By the Sea, Inc. v. Petty, 157 So.2d 190 (Fla.App.2nd, 1963). City of Miami v. Simpson, 172 So.2d 435 (Fla.1965); Sixtysix, Inc. v. Finley, 224 So.2d 381 (Fla.App. 3rd, 1969); Forster v. Red Top Sedan Service, Inc., 257 So.2d 95 (Fla.App.3rd, 1972).
The judgment appealed is reversed and the cause is remanded for further proceedings.
SPECTOR, C. J., and WIGGINTON, J., concur.