387 So.2d 1044 (1980)
Allen PARSONS, Appellant,
v.
WEINSTEIN ENTERPRISES, INC., a Florida Corporation, D/B/a the Toast, Appellee.
No. 80-91.
District Court of Appeal of Florida, Third District.
September 16, 1980.
William J. Williams, Miami, for appellant.
Pyszka, Kessler & Adams and William M. Douberley, Miami, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
*1045 DANIEL S. PEARSON, Judge.
Parsons accompanied his friend and half-brother, John Kennedy, to The Toast, a restaurant-lounge owned and operated by Weinstein Enterprises, Inc. Kennedy's mission was to resolve a personal matter with an ex-girlfriend, Debbie Jackson, a barmaid at The Toast. Parsons and Kennedy had some beers; Kennedy and his girlfriend had some words. Kennedy, with Parsons following, left the establishment and, with classic misdirected anger, threw a beer bottle at the outside of The Toast, breaking a lamp affixed to the exterior of the building. Irving Weinstein, president of Weinstein Enterprises, Inc. and manager of The Toast; his son, Mitchell; and four other men emerged from The Toast and gave chase. Four men cornered Parsons, and, responding in kind,[1] two of their number beat him with their fists, feet and clubs.
Parsons sued Weinstein Enterprises, Inc. for compensatory and punitive damages arising from this assault and battery, which he contended was committed by agents, servants and employees of the corporation acting within the course and scope of their employment.[2] At the conclusion of Parsons' case in chief, the trial court granted the defendant's motion for a directed verdict and entered final judgment in its favor.
In defense of the trial court's ruling, the corporation points to evidence that (1) while inside the bar Kennedy told Ron Dettelo, the apparently chivalrous bartender, "I would like to take you outside and beat your ass," and that this challenge may have been the cause of what later ensued; (2) Parsons was not assaulted inside the premises; (3) the precipitating cause of the assault could have been that Parsons banged on and damaged cars owned by Debbie Jackson and Frank Striffler, the assistant manager of the corporation; and (4) Parsons only identified Mitchell Weinstein and "a bouncer" as striking him; Kennedy identified "the bouncer," a kitchen employee, Mitchell Weinstein and another as surrounding Parsons; but according to Irving Weinstein, his only employees that day were Striffler, Ron Dettelo and Debbie Jackson. Finally, the appellee accurately notes that there was no direct testimony that the interests of the corporation were being served by the assault upon Parsons.
While the record supports appellee's statements, its argument is more properly directed to a jury than to a court. The appellee's analysis overlooks that in respect to a motion for directed verdict, the evidence and all reasonable inferences to be drawn therefrom must be viewed most favorably to Parsons. Rodi v. Florida Greyhound Lines, 62 So.2d 355 (Fla. 1953); Wheaton v. Bohnert Roofing & Supply Co., Inc., 369 So.2d 1016 (Fla.3d DCA 1979). So viewing the evidence, we conclude that a reasonable-minded jury could have found from other evidence in the case that (1) Mitchell Weinstein was a de facto agent or employee of the corporation, Parsons having testified that he saw Mitchell inside The Toast seating people at tables and appearing to be working; (2) "the bouncer" was an employee of The Toast, Kennedy having testified that he had met him inside the premises, and he was introduced as "the bouncer"; (3) the motive for the assault was the breaking of the lamp on the outside of The Toast, and the assaultive acts were activated by a purpose to serve the defendant corporation; (4) even if some of the participants in the assault were non-employees, the assault on Parsons, which occurred in full view of Irving Weinstein, was condoned by him on behalf of the corporation; and (5) Irving Weinstein, by standing over Kennedy with a billy stick while Parsons was being assaulted, aided and abetted the assault on Parsons by preventing Kennedy from coming to Parsons' aid.
It is simply not the province of the trial court in a jury trial to resolve conflicts in the evidence or to judge the credibility of *1046 the witnesses. Rodi v. Florida Greyhound Lines, supra; Wheaton v. Bohnert Roofing & Supply Co., Inc., supra. Where there exists any evidence from which a jury could conclude that the acts in question were committed by an agent of the corporation within the scope of his employment, the questions of agency and scope of employment are to be resolved by a jury. Weiss v. Jacobson, 62 So.2d 904 (Fla. 1953); Tuberville v. Concrete Construction Company, 270 So.2d 431 (Fla. 1st DCA 1972); Forster v. Red Top Sedan Service, Inc., 257 So.2d 95 (Fla. 3d DCA 1972); Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969); Dye v. Reichard, 183 So.2d 863 (Fla. 4th DCA 1966); Columbia By The Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963). Compare DeJesus v. Jefferson Stores, 383 So.2d 274 (Fla. 3d DCA 1980). Similarly, since an intentional assault and battery without legal justification supplies proof of malice upon which a punitive damage award may rest, the issue of punitive damages must be left for the jury to resolve. Ford Motor Credit Company v. Johns, 269 So.2d 54 (Fla. 1st DCA 1972); Joab, Inc. v. Thrall, 245 So.2d 291 (Fla. 3d DCA 1971).
Accordingly, since there was evidence adduced that could in law support a verdict for Parsons, see Mullis v. City of Miami, 60 So.2d 174 (Fla. 1952), we reverse the trial court's judgment entered against Parsons and in favor of Weinstein Enterprises, Inc. and remand the cause for a new trial on count one of the complaint.
Reversed.
NOTES
[1] One light out deserves another.
[2] A second count, struck by the trial court at the conclusion of the plaintiff's case, alleged negligent hiring. Parsons does not appeal from this ruling.