395 So.2d 1295 (1981)
SAUDI ARABIAN AIRLINES CORPORATION, Appellant,
v.
Thomas Harrison DUNN, Jr., a Minor, by and through His Father and Mother and Next Friends, Thomas Harrison Dunn and Sarah Bowers, and Thomas Harrison Dunn and Sarah Bowers, Individually, Abdallah Ali Shihry, Hazza Saud Alfaqeer, and Allstate Insurance Company, a Corporation, Appellees.
No. YY-451.
District Court of Appeal of Florida, First District.
April 2, 1981.
James M. McLean of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
William C. Gentry and Frank D. Upchurch, III, of Bedell, Bedell, Dittmar & Zehmer, P.A., and S. Grier Wells, Jacksonville, for appellees.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Appellant seeks review of a nonfinal order by which the lower court determined that it had personal jurisdiction over Appellant by virtue of the "long arm statute," Section 48.193(1)(b), Florida Statutes (1979).[1]
*1296 The plaintiffs below alleged in their original complaint that one Hazza Saud Al-Faqeer negligently operated a motor vehicle on the public streets of Jacksonville, Florida, causing injury to the plaintiffs. Upon discovery of facts which led them to believe that Al-Faqeer was, at the time of the accident, an employee of Appellant and acting within the course and scope of such employment, plaintiffs amended their complaint by adding Appellant as a defendant and by adding allegations to the effect that Al-Faqeer was an employee of Appellant and at the time of the accident was acting within the course and scope of such employment. Thereafter, personal service of process was served upon Appellant under the above-cited statute.
Appellant filed a motion to abate, relying upon a previously-taken deposition of Al-Faqeer to show that while he was, indeed, an employee of Appellant, his sole purpose in being in Jacksonville at the time was to attend the University of North Florida to learn the English language and acquire American culture, and that the accident occurred at a time when he was driving a borrowed car back to the University after a personal shopping mission for the purchase of food.
The allegations of the amended complaint were clearly sufficient to charge Appellant with legal responsibility for its alleged employee's wrongful act while acting within the course and scope of his employment. Elmex Corporation v. Atlantic Federal Savings & Loan Association, 325 So.2d 58 (Fla. 4th DCA 1976). The Appellant's motion to abate for the lack of personal service, supported as it was by Al-Faqeer's deposition, failed to make a prima facie showing that Al-Faqeer was not acting within the course and scope of his employment at the time of the accident. Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977), reh. denied. There are many factual issues involved, as well as conflicting reasonable inferences to be drawn therefrom, concerning that issue. "It is well-settled that the question of whether a tort committed by an agent is within the scope of his employment is normally to be determined by the jury, except in those cases in which a jury could reach only one conclusion that could be sustained." Turberville v. Concrete Construction Company, 270 So.2d 431, at 431 (Fla. 1st DCA 1972); see also, Lay v. Roux Laboratories, Inc., 379 So.2d 451 (Fla. 1st DCA 1980); 53 Am.Jur.2d, Master and Servant, § 460.
We decide here only that the trial court did not err in denying Appellant's motion to abate for lack of personal service under the long arm statute. We caution that such is a threshold determination only, and is not intended by us to be taken as dispositive of the ultimate issue of Appellant's liability under the doctrine of respondeat superior. The trier of fact will ultimately determine that issue. Paradoxically, the ultimate determination of that issue will, at the same time, finally settle the question of personal jurisdiction over the person of Appellant.
AFFIRMED.
McCORD and ERVIN, JJ., concur.
NOTES
[1] Section 48.193(1), Florida Statutes:

"Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
"(b) Commits a tortious act within this state."