400 So.2d 834 (1981)
ALSAY-PIPPIN CORPORATION, Appellant/Cross-Appellee,
v.
Martha B. LUMERT, Appellee/Cross-Appellant, and
William R. Peterson and Maryland Casualty Insurance Company, Appellees.
No. 79-2592.
District Court of Appeal of Florida, Fourth District.
July 8, 1981.
*835 Ralph B. Paxton of Paxton, Crow, Taplin & Bragg, P.A., West Palm Beach, for appellant/cross-appellee.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellee/cross-appellant Lumert.
James D. Wilkerson, Jr., of Schuler & Wilkerson, P.A., West Palm Beach, for appellee Peterson.
DOWNEY, Judge.
Appellant Alsay-Pippin Corporation seeks review of a final judgment awarding appellee Martha B. Lumert $315,000 as a result of injuries suffered in an automobile accident. Lumert has also filed a cross appeal to review the trial court's failure to grant Lumert a directed verdict on the issue of comparative negligence.
As Ms. Lumert was crossing Dixie Highway in a crosswalk at the intersection of Dixie Highway and 6th Street in the City of West Palm Beach, William R. Peterson turned onto Dixie Highway from 6th Street and struck Lumert causing her serious injuries. Lumert brought this suit against Peterson, Alsay-Pippin Corporation (Peterson's employer), and Alsay's insurer Maryland Casualty Company. A jury trial resulted in a special verdict finding that Peterson was 90% negligent and Lumert was 10% negligent; that Peterson was acting in the scope and course of his employment with Alsay at the time of the accident; and that the total damages suffered by Lumert were $350,000. The court reduced the award to $315,000, pursuant to the finding that Lumert was 10% negligent. From the final judgment on said verdict Alsay has perfected this appeal, and Lumert has perfected her cross appeal. Neither Peterson nor Maryland Casualty Company has sought review.
Alsay contends the trial court erred in 1) improperly instructing the jury on the issue regarding scope of employment, 2) applying Workmen's Compensation law to the scope of employment issue rather than common law principles, and 3) failing to grant Alsay's various motions for summary judgment, directed verdict, and new trial.
The main issue on appeal is whether Peterson was in the scope of his employment with Alsay-Pippin at the time of the accident.
The evidence viewed in a light most favorable to the judgment reflects that Peterson was employed by Alsay as a mechanic. It was Peterson's duty to repair motors and other equipment used by Alsay in its industrial drilling business. On the date in question Peterson received permission from his supervisor to leave work early because he was going to take a carburetor to United Auto Service (Delco) for repairs. Since he would not be returning to work that day, he drove his own car. Alsay's place of business was on Lantana Road, a number of miles south of Peterson's home. United Auto Service is located north and east of Peterson's home, so that the errand for his employer could not be fulfilled along his usual route from work to home. After leaving the carburetor with United Auto Service, Peterson started home but then decided to stop by Rinker Materials Corporation's place of business to see if Rinker had a needed part for an engine he was repairing. Rinker did not have the part, so Peterson continued his trip home. Enroute he struck Lumert.
The foregoing recitation of evidentiary facts came from Peterson's trial testimony. There is some contradiction of Peterson's story, some inferences, and a great deal of innuendo in the record which could have led the jury to decide that Peterson was not in the scope of his employer's business. The conflicting evidence in this case created a jury question as to whether Peterson was in the scope of his employment at the time of the accident. Saudi Arabian Airlines Corp. v. Dunn, 395 So.2d 1295 (Fla. 1st DCA 1981). By its special verdict, the jury specifically decided that question adversely to Alsay and the facts Peterson testified to were sufficient to support that verdict.
We have carefully considered the court's instructions to the jury and find no fault with them. Nor are we convinced that *836 there was an erroneous application of Workmen's Compensation law pertaining to scope of authority rather than an application of common law principles of respondeat superior. Thus, we reject appellant's contentions regarding the denial of its various motions for summary judgment, directed verdict, and new trial.
We have also considered the cross appeal and, while the question presented is close, we feel that there was sufficient evidence to support the jury's finding as to Lumert's negligence.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
HURLEY, J., and UPCHURCH, JOHN J., Associate Judge, concur.