DOWNEY, Judge.
Appellant, Benito A. Gordils, sued David H. DeVilliers, Jr., and C. Dennis Webster (doing business as Orleans Inn) and Ronald Davis in three counts, 1) assault and battery, 2) negligence, and 3) negligent hiring of an employee. From final summary judgments on all three counts (and a cost judgment) in favor of appellees DeVilliers and Webster, Gordils has perfected these appeals.
The facts are set forth in the deposition of appellee Davis and Gordils’ answers to interrogatories. It appears that Davis was a musical entertainer at a night club known as the Orleans Inn, owned by appellees DeVilliers and Webster. Davis and his group of musicians were employed under an oral contract pursuant to which they were paid $600 per week. The musical group was required to work by the employers’ guidelines. The employers set the dates and hours of work and specified certain dates for certain shows. They required Davis to mingle with the customers in various ways. On occasion Davis helped prepare meals, greet customers, and generally promoted the good will of the establishment. On July 23,1978, Gordils was a customer at Orleans Inn, sitting at a table with several *1314 women. During the show Davis invited song requests from the customers, and one of the women at Gordils’ table made a request. The woman had a speech impediment and Davis began to mimic her impediment. Gordils became angry over this incident and approached Davis during the show. There is a conflict as to what happened thereafter between Davis and Gor-dils.
Davis’s version is that he was performing his duties as a musician when Gordils came up to the stage and insisted Davis apologize to the lady at Gordils' table. Davis was unsure of what it was Gordils wanted, but told him to wait until the musical set was over and they could talk. When the set ended, the two went to the kitchen area to talk because the juke box was too loud in the customer area. Then Gordils began berating Davis, using foul language and poking Davis with his finger. Davis tried to leave but Gordils would not let him do so. Davis testified that he told Gordils he had to go and get ready for his next act. Gor-dils raised his arms as though to hit Davis, and Davis raised his hands to defend himself and apparently a large ring on his finger hit Gordils over the eye.
Gordils’ answers to interrogatories describe the incident differently. In those answers he says he approached Davis for an apology on behalf of the lady. Initially, Davis did nothing, but he “called me back later and started arguing. As I walked away he called me, I turned and he struck me.”
The foregoing statement of the facts does not establish as a matter of law that Davis was not an employee of Orleans Inn or that he was acting outside the scope and course of his employment. Thus, on motion for summary judgment the trial court was presented with genuine issues of material fact: (a) was Davis an employee of Orleans Inn, and (b) if he was an employee was he acting within the course and scope of his employment at the time of the incident with Davis? In this state of the record these are jury questions. Goldie v. Dillon, 140 So.2d 81 (Fla. 2d DCA 1962); 57 C.J.S. Master and Servant § 617(2); Tuberville v. Concrete Construction Company, 270 So.2d 431 (Fla. 1st DCA 1972); Saudi Arabian Airlines Corp. v. Dunn, 395 So.2d 1295 (Fla. 1st DCA 1981); Alsay Pippin Corporation v. Lumbert, 400 So.2d 834 (Fla. 4th DCA 1981). Thus, the entry of summary judgment in favor of appellees DeVilliers and Webster constituted reversible error as to Count I. However, our review of the record reveals no evidence that would create a genuine issue of material fact regarding Counts II or III, and so the summary judgments on those counts were proper.
Accordingly, the summary judgment on Counts II and III is affirmed, the summary judgment on Count I is reversed, as (of necessity) is the cost judgment; and the cause is remanded for further proceedings. Pursuant to appellees’ concession in this court, the trial court, on remand, shall (a) permit appellant to amend his complaint to include appellees’ insurance carrier as a defendant; and (b) strike appellees’ affirmative defense of assumption of the risk.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
MOORE and HERSEY, JJ., concur.