BARFIELD, Judge.
Michael Burns, a minor, through his mother, Marjorie Johnson, and Marjorie Johnson, individually, appeal from a directed verdict for J.C. Sams and his wife, Cornelia Sams, in a personal injury action.
Michael Burns, a six year-old, was playing on the sidewalk adjacent to a rental house owned by J.C. Sams and his wife when he was struck in the eye by a projectile thrown from a lawnmower being used by Calhoun to mow the lawn on Sams’ property. It was Sams’ usual custom to have vacant rental houses (including the property in question here) repaired and the lawn mowed before new tenants moved in. Sams and his wife own approximately twenty such rental units.
Sams was the pastor of a church. Calhoun, an elderly church member, often mowed the lawns of Sams’ rental properties without charge, as a favor to his pastor. Pray, another member of Sams’ church, was hired to repair the rental houses in question. While Pray was repairing the house, Calhoun came by and asked if he should cut the grass. Although Pray stated in deposition that he told Calhoun to go ahead, Pray testified at trial that he did not tell Calhoun to cut the grass, but instead told him to contact Sams to get authority.
Sams testified that he knew the grass would need to be cut, that he knew that Pray would get someone to cut it, that Calhoun usually cut it for Sams as a volunteer, that it was within his authority to tell Calhoun not to do it if he had seen Calhoun using a lawnmower without a protective guard, and that he would have stopped Calhoun if had he known that the proper *360 protection was not part of the mower, but that he had never bothered to look or to know.
Appellees moved for a directed verdict at the close of appellants’ case, on the theory that Pray was an independent contractor and that the Sams were not liable for the actions of anyone he employed or any work that was done. Appellants argued that Calhoun was a volunteer who became, in effect, a servant of Sams, since he was doing the work with Sams' knowledge and consent, either implied or expressed. The motion was denied. At the conclusion of Sams’ testimony, appellees’ renewed motion for directed verdict was granted, based upon the court’s finding that an indepem dent contractor (Pray), not the appellees, obtained the services of Calhoun. We reverse.
The issues are (1) whether the jury could have inferred from the evidence that Calhoun was a volunteer for the appellees with their expressed or implied consent and (2) whether the jury could have inferred from the evidence that the appellees, if reasonably prudent, should have known of the defective condition of Calhoun’s lawnmower.
The trial court’s directed verdict for the appellees was improper because the jury could have inferred from the evidence that Calhoun was a volunteer for appellees, with their expressed or implied consent or authority. A person who voluntarily assists in the work of another with his consent may become a servant of the latter and that consent need not be expressed, but may be implied. Goldie v. Dillon, 140 So.2d 81 (Fla. 2d DCA 1962).
A jury could infer from the evidence that the understanding between Pray and Sams was that Pray would contact Calhoun and advise him that Sams wanted the lawn mowed. If Calhoun was physically able to mow the lawn, he would do so and Pray would have no further involvement. If Calhoun was unable to mow the lawn, Pray would then secure another party to mow it, pay the other party, and seek reimbursement from Sams. A jury could reasonably find that, insofar as Calhoun’s mowing was concerned, Pray was not an independent contractor, but was merely communicating Sams’ request for Calhoun’s volunteer work. The issue is not the relationship between appellees and Pray concerning the repairs to the house, but the relationship between appellees and Calhoun concerning mowing the lawn. A jury could reasonably infer from all of the evidence that at the time of the accident Calhoun was acting as a volunteer for appellees, with their expressed or implied consent.
Given the circumstances, that Calhoun had been regularly cutting lawns on the rental properties owned by the appellees during the two or three years prior to the accident, and that observation of the lawnmower in use would have revealed the dangerous situation Calhoun was creating, a jury question was presented whether a reasonably prudent owner would have made some inquiry into the manner that this elderly volunteer was performing the mowing.
This case is REVERSED and REMANDED to the trial court for a new trial.
WIGGINTON, J., concurs.
JOANOS, J., dissents with written opinion.