ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant appellee U-Haul Co.’s motion for clarification and withdraw the opinion of this court filed September 19, 1989, substituting the following in its place:
Scott McEvoy was injured while engaged in a fight with Jose Fonte, the owner of a service station which was also a U-Haul franchisee. Jose Fonte Lipcourt, Fonte’s grandfather, who worked at the station, stabbed McEvoy during the course of the incident. The parties’ disagreement was based upon McEvoy’s claim that he had been overcharged for his previous rental of a U-Haul truck and his current purchase of gasoline. Based on the injuries received in the altercation, McEvoy filed suit against Union Oil Co., U-Haul Co., Floval Oil Co. and co-owners, Jose and Mirta Fonte. *1170 McEvoy alleged that Jose Fonte Lipcourt and Jose Fonte were agents and representatives acting within the scope of their employment with Union Oil, U-Haul, and Flo-val Oil. Summary final judgment was granted in favor of each defendant. We affirm the decision of the trial court as to Union Oil Co. and Floval Oil Co., all parties now conceding that these companies acted as independent contractors. As to the remaining defendants, we reverse on the following analysis.
Fonte was a co-owner of the gas station and a franchisee of U-Haul. Fonte’s grandfather, who filled tanks and stepped in for Fonte when he was ill, was Fonte’s employee despite the fact that he was not paid. See Fernandez v. Valle, 364 So.2d 835 (Fla. 3d DCA 1978) (person rendering assistance upon occasion, without pay, can form basis of liability on behalf of employer), cert. denied, 373 So.2d 457 (Fla.1979). As explained in Perez v. Zazo, 498 So.2d 463 (Fla. 3d DCA 1986), the responsibility for the intentional wrongful acts of a servant-employee may be visited upon the master-employer under the doctrine of re-spondeat superior when that conduct in some way furthers the interest of the master or is at least motivated by an intent to serve those interests rather than the employee’s own. It is a question for the jury as to whether the grandfather, Lipcourt, acted incident to his employment to benefit his employers, the Fontes. A jury may conclude that Lipcourt’s actions were those of an employee defending his employer’s life, or it may view these actions in the manner characterized by defendants, as being solely those of a man protecting his grandson. See Columbia by the Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963).
As to U-Haul, although in form Fonte is a franchisee, the agreement and various regulations clearly provide evidence that U-Haul controlled the daily manner and means of Fonte’s employment. Based on the record before us, we cannot, as a matter of law, say that an independent contractor relationship existed. See DeBolt v. Department of Health & Rehab. Servs., 427 So.2d 221, 226-27 (Fla. 1st DCA 1983); Ortega v. General Motors Corp., 392 So.2d 40 (Fla. 4th DCA 1980); Cawthon v. Phillips Petroleum Co., 124 So.2d 517, 519 (Fla. 2d DCA 1960).
Further, the evidence presented failed to conclusively show that Lipcourt performed no duties that benefited U-Haul. In addition to manning the station for a period of weeks when Fonte was ill, Lipcourt took customer payments and, although according to his own testimony he did not personally rent out the U-Haul equipment, when alone at the station, Lipcourt contacted the appropriate station employee if a customer arrived asking to rent a U-Haul truck. If a jury determines that Fonte was an agent of U-Haul, we cannot, as a matter of law, say that U-Haul received no benefit as a result of Lipcourt’s conduct. Where there exists any evidence from which a jury could conclude that the acts in question were committed by an agent of the corporation within the scope of his employment, the questions of agency and scope of employment are to be resolved by a jury. Parsons v. Weinstein Enters., Inc., 387 So.2d 1044 (Fla. 3d DCA 1980); see Herren v. White, White, White, Wilson & Assoc., 531 So.2d 1021 (Fla. 1st DCA 1988) (Summary judgment should not be utilized to dispose of a scope of the employment issue unless the facts are completely settled and inferences to be drawn from the facts lead to but one conclusion.).
Because McEvoy explicitly abandoned any appeal of the trial court’s order in U-Haul’s favor on the issue of negligent hiring and retention, this issue should not be reconsidered upon remand. However, the summary judgment granted in U-Haul’s favor as to all other issues raised by McEvoy must be reversed in order that the trial court may determine any possible liability.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.