GLICKSTEIN, Judge,
dissenting.
I would reverse the partial summary final judgment entered by the trial court.
Appellant Louis A. Garcy, a mail carrier for the U.S. Postal Service, was delivering mail to a Fort Lauderdale office building. During the course of his duties, appellant evidently would push one of the elevator’s “stop” buttons at each floor of the eight-story building while he delivered mail to that particular floor. When appellant was on the fifth floor, he came into contact with Shale Yanow (Yanow), who was “voluntarily” picking up subpoenas on behalf of ap-pellee, Broward Process Servers, Inc. The two men exchanged words over the use of the elevator, and the incident apparently escalated into a fist-fight. At the time of the incident, Yanow was seventy years of age, and died two years later.
In their fourth amended complaint, appellants filed suit against Christine Lamber-tus, the administrator ad litem of Yanow’s estate, and Broward Process Servers, a corporation owned by Yanow’s wife Elaine, alleging that on the day of the fight, Ya-now “was in the course and scope of his employment with Broward Process Servers," i.e., that Yanow’s “use of the subject elevator was intended to facilitate his business activities of picking up and/or serving subpoenas and/or related activities.” Appellants contended that Broward Process Servers was vicariously liable for Yanow’s wrongful conduct.
Broward Process Servers moved for summary judgment, alleging that “a corporation cannot be held legally responsible for the criminal acts committed on third persons by a volunteer” and that the acts complained of in the fourth amended complaint bore “no relation to the real and/or apparent scope of any alleged employment, *715 nor to the interests of the alleged employer.” Consequently, Broward Process Servers contended that it was entitled to a judgment as a matter of law.
At all times material to the instant case, Elaine Yanow was the president, vice president, and secretary, as well as the incorpo-rator and initial director, of Broward Process Servers. Broward Process Servers was incorporated in April, 1986. Prior to that time, Mr. and Mrs. Yanow ran the business together. Yanow officially retired just prior to incorporation in order to receive social security benefits; he did not retain any ownership interest. After Ya-now’s retirement, he would come in on a voluntary basis according to how he felt that day. Yanow had been diabetic for approximately fifteen years. Yanow did, however, come to the office on a daily basis and assisted in the operation of the business by picking up and delivering subpoenas. Yanow would not draw a salary, but he continued to reside with his wife who was the corporation’s sole shareholder.
On January 13, 1987, Elaine Yanow asked her husband to pick up subpoenas, on behalf of Broward Process Servers, at an attorney’s office in Fort Lauderdale. It is undisputed that Broward Process Servers would financially benefit from Ya-now’s services that day.
In his deposition, appellant stated that when he delivered mail to the office building where the incident occurred, he did, in fact, tie up one of two available elevators. He would take the elevator to the top floor, push all of the buttons, and disengage the elevator for approximately two minutes while he delivered mail to each floor. He would leave the mail to be delivered to the rest of the building on the floor of the elevator. When appellant reached the fifth floor, he stopped the elevator as usual and delivered mail to the offices, at which time Yanow came out of the attorney’s office and proceeded into the elevator. Appellant saw Yanow disengage the stop button, and asked Yanow to reengage it. Yanow refused and a fight ensued. The next thing appellant remembered was being against the elevator wall, his back coming into contact with a rail located at the rear of the elevator.
The trial court granted partial final summary judgment in favor of Broward Process Servers, concluding that “in order to recover against an employer for injuries caused by the wrongful act of his employee, it is necessary to show: (a) that a master-servant relationship existed, and (b) that the acts of the servant were done in the scope and course of his employment.” Although the evidence established that Ya-now was acting as a volunteer in the performance of his duties for Broward Process Servers, the trial court conceded that “a person who voluntarily assists in the work of another with his consent may become a servant of the latter through implication.” However, the trial court specifically found that the alleged actions of Yanow were entirely unrelated to the real or apparent scope of his employment or to the interests of Broward Process Servers:
Any alleged physical violence committed on behalf of [Yanow] was beyond the scope of his duties and in no way was directed, authorized, nor could be considered incidental to or in furtherance of, or supposed from, the nature of his duty of picking up and delivering subpoenas.
Consequently, the trial court determined that Broward Process Servers was entitled to partial summary final judgment as a matter of law. The instant appeal followed.
Appellants allege that the trial court erred in granting partial summary final judgment in favor of Broward Process Servers because: (1) it is undisputed that Ya-now was acting for the benefit of Broward Process Servers at the time of the incident, and (2) the question of whether Yanow was acting in the scope of his employment at the time of the incident is a matter that should be resolved by the trier of fact. I agree.
Although the trial court definitively determined that Yanow was not acting within the scope of his employment at the time of the incident, the trial court “hedged” on the question of whether any employment or agency relationship existed. However, it is *716 well settled in Florida that a person who voluntarily assists in the work of another, with the other person’s expressed or implied consent, may become a servant of that other person. See Burns v. Sams, 458 So.2d 359 (Fla. 1st DCA 1984); Goldie v. Dillon, 140 So.2d 81 (Fla. 2d DCA 1962). See also Fernandez v. Valle, 364 So.2d 835 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 457 (Fla.1979) (a person rendering assistance upon occasion, without pay, can form the basis of liability on behalf of the employer). In McEvoy v. Union Oil Co., 552 So.2d 1169, 1170 (Fla. 3d DCA 1989), the court determined that the grandfather of a filling station owner, who filled tanks and stepped in for the grandson/owner when he was ill, was the grandson/owner’s employee despite the fact that the grandfather was not paid.
Although Yanow was working for Bro-ward Process Servers on a “voluntary” basis, he did so with the expressed consent of its sole owner, Elaine Yanow. By picking up and delivering subpoenas, Yanow was furthering the interests of Broward Process Servers on the day of the incident. Payment is not a prerequisite to the formation of a master-servant relationship. Consequently, the relationship between Yanow and Broward Process Servers was sufficient to hold Broward Process Servers vicariously liable for Yanow’s wrorigful actions. Summary final judgment clearly was improper as to this preliminary point.
As both parties seemingly concede, the dispositive issue in the instant case is whether the trial court erred in determining, as a matter of law, that Yanow was not acting within the scope of his employment when he engaged in the altercation with appellant. As a general rule,
The liability of the master for intentional acts which constitute legal wrongs can only arise when that which is done is within the real or apparent scope of the master’s business. It does not arise where the servant has stepped aside from his employment to commit a tort which the master neither directed in fact, nor could be supposed, from the nature of his employment, to have authorized or expected the servant to do.
Weiss v. Jacobson, 62 So.2d 904, 906 (Fla.1953) (emphasis in original). The conduct of a servant is within the scope of his employment only if “it is activated at least in part by a purpose to serve the master.” Whetzel v. Metropolitan Life Ins. Co., 266 So.2d 89, 91 (Fla. 4th DCA 1972). An employee is not acting within the scope of his employment if it can be found that the employee had “stepped away” from or abandoned the employer’s business at the time the tort was committed. Johnson v. Gulf Life Ins. Co., 429 So.2d 744, 746 (Fla. 3d DCA 1983).
Whether the employee’s act was committed within the scope of his employment or in furtherance of the employer’s interest presents a question for jury determination. Gonpere Corp. v. Rebull, 440 So.2d 1307 (Fla. 3d DCA 1983). However, whether an employee is acting within the scope of his employment may become a question of law when there are no conflicting facts and the jury could reach only one sustainable conclusion. See City of Green Cove Springs v. Donaldson, 348 F.2d 197, 202 (5th Cir.1965); Whetzel, 266 So.2d at 91; Johnson, 429 So.2d at 746.
Broward Process Servers is under the mistaken impression that an employer only can be held liable for the negligent acts, and not the intentional acts, of his employee. However, the Weiss decision clearly holds that an employer may be held liable for an intentional act of an employee when that act is committed within the real or apparent scope of the employer’s business. Summary judgment is only proper when the undisputed facts conclusively demonstrate that the employee stepped aside from his employment to commit a tort which the master could not have supposed from the nature of his employment.
Scope of employment questions are very fact-specific, and necessarily must be decided on a case-by-case basis. Appellants contend that question of Broward Process Server’s potential vicarious liability should have been presented to the jury. In Weiss, the plaintiff was trying on a dress in the defendant’s clothing shop. One of the de *717 fendant’s employees suggested that the plaintiff move over in front of a mirror “to better appraise the dress and its becomingness.” Weiss, 62 So.2d at 905. When the plaintiff demonstrated reluctance, the employee took the plaintiff by the hand and, in the employee’s attempt to pull her toward the mirror, carelessly and negligently threw the plaintiff to the floor, causing the latter physical injury, pain, and suffering. The supreme court held that, under the facts of that case, a jury should determine whether the alleged carelessness and negligent acts occurred while the employee was acting in the scope of her employment. Id. at 906.
In Columbia by the Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963), the court determined that the question of whether a maitre d’ was acting within the scope of his employment when, in an adjacent motel office, he struck a restaurant patron in the head with an ashtray when the patron refused to pay an additional charge for salad dressing was properly resolved by a jury. The court held that it “was not impossible to attribute the anger, assault and battery to overzealousness in the protection of what he envisioned as his employer’s interests.” Id. at 194.
In Parsons v. Weinstein Enter., Inc., 387 So.2d 1044 (Fla. 3d DCA 1980), the plaintiff brought suit against the corporate owner of a restaurant and lounge. As the plaintiff was leaving the establishment, he threw a beer bottle at the outside of the building and broke an exterior lamp. The manager, the manager’s son, and four other men chased after the plaintiff and eventually beat him with their fists, feet, and clubs. The trial court entered a directed verdict in favor of the defendant. The Parsons court reversed, reasoning that “where there exists any evidence from which a jury could conclude that the acts in question were committed by an agent of the corporation within the scope of his employment, the questions of agency and scope of employment are to be resolved by a jury.” Id. at 1046.
Appellants further rely on this court’s decision in Dye v. Reichard, 183 So.2d 863 (Fla. 4th DCA), cert. denied, 188 So.2d 821 (Fla.1966). In Dye, the defendant owned a trailer park. The plaintiffs drove to the trailer park looking for some friends, and after they discovered that their friends had moved, sought assistance from the manager of the park. An exchange of words ensued and the manager struck one of the plaintiffs with a trailer jack and shoved another against the car. This court held that there was sufficient evidence to support a jury verdict against the owner of the trailer park under the doctrine of responde-at superior. Id. at 864.
The trial court’s summary final judgment recites the following:
8. The deposition of Plaintiff LOUIS A. GARCY recounts the entire chain of events. Viewed in the light most favorable to the non-movant Plaintiff, this court finds that the alleged actions of SHALE YANOW on the elevator were entirely unrelated to the real or apparent scope of his employment or to the interests of Defendant BROWARD PROCESS SERVERS, INC. Any alleged physical violence committed on behalf of SHALE YANOW was beyond the scope of his duties and in no way was directed, authorized, nor could be considered incidental to or in furtherance of, or supposed from, the nature of his duty of picking up and delivering subpoenas. Accordingly, no vicarious liability may be imposed upon Defendant BROWARD PROCESS SERVERS, INC. under the doctrine of respondeat superior.
Clearly, that paragraph is the position of appellee here and, to me, is inconsistent with this court’s opinion in Dye and the other decisions discussed herein.