TORPY, C.J.
We review the propriety of a summary judgment in favor of Appellee, Publix Super Market, Inc., in this action for injuries arising from an alleged battery committed by its employee, Appellee, Almonzo Blan-ton. Appellant alleged that he was battered by Blanton during an altercation that occurred while he was shopping in a Publix grocery store. The trial court granted summary judgment for Publix, concluding that Blanton acted outside the scope of his employment when he allegedly battered Appellant. We reverse, because fact questions precluded summary judgment on this issue.
While Appellant was shopping in Publix, he momentarily left his grocery cart unattended. Blanton noticed the unattended cart and assumed it had been abandoned. He retrieved the cart and began to re-shelve the items. When Appellant discovered that his cart had been moved, he confronted Blanton and the two got into an altercation that culminated in Blanton shoving Appellant, causing Appellant to fall to the floor. The two gave conflicting accounts of the dispute, both claiming that the other was the aggressor. Blanton *555 claimed he pushed Appellant in self-defense. Appellant denied threatening Blan-ton and claimed Blanton overreacted to his complaint.
An employer’s liability for an employee’s intentional acts may arise when the acts are “within the real or apparent scope” of employment. Weiss v. Jacobson, 62 So.2d 904, 906 (Fla.1953) (emphasis added). Therefore, to obtain summary judgment, Publix had the burden to conclusively negate Appellant’s allegation that Blanton had acted within the course and scope of his employment when he battered Appellant. Lawrence v. Pep Boys-Manny Moe & Jack, Inc., 842 So.2d 303, 304-05 (Fla. 5th DCA 2003). “Conduct is within the scope of employment if it occurs substantially within authorized time and space limits, and it is activated at least in part by a purpose to serve the master. The purpose of the employee’s act, rather than the method of performance thereof, is said to be the important consideration.” Hennagan v. Dep’t of Highway Safety & Motor Vehicles, 467 So.2d 748, 751 (Fla. 1st DCA 1985) (emphasis added),[1] cited with approval in McGhee v. Volusia Cnty., 679 So.2d 729, 732 (Fla.1996). Stated another way, only when the employee “steps aside from his employment to ... accomplish some purpose of his own,” is the act not within the scope of employment. City of Miami v. Simpson, 172 So.2d 435, 437 (Fla.1965). This is generally a question of fact for the jury. Id.
It is undisputed here that the altercation occurred on Publix’s premises while Blanton was engaged in Publix’s business. The sole disputed issue is whether Publix conclusively negated the contention that Blanton’s purpose (not his method) was, at least in part, to serve Publix. Blanton acknowledged in his deposition that the “entire encounter” was motivated by a purpose to serve his employer. Publix asserted nevertheless, that Blanton’s motive for the push itself was personal — the defense of his person from an attack by a customer. Even assuming that this is the only inference that may be drawn from the evidence, it does not support the trial court’s conclusion. An employer has an interest in protecting its employees from attack, at least to the same extent as it has in protecting its merchandise and property. The courts have consistently held that battery by an employee in protecting the employer’s property is within the scope of employment. See, e.g., Stinson v. Prevatt, 84 Fla. 416, 94 So. 656, 659 (1922) (where employee shot plaintiff, jury should decide whether employee’s purpose was to protect employer’s employees from solicitation by employer’s competitor or “maliciously in pursuit of his own purpose”); Valeo v. E. Coast Furniture Co., 95 So.3d 921, 925 (Fla. 4th DCA 2012) (employee’s motivation was jury question where employee testified he attacked plaintiff with padlock because he thought he was about to be robbed); Parsons v. Weinstein Enters., Inc., 387 So.2d 1044, 1045-46 (Fla. 3d DCA 1980) (whether employees’ actions in chasing and beating with clubs bar patron they believed damaged bar property were within scope of employment was question of fact for jury); Lay v. Roux Labs., Inc., 379 So.2d 451, 453 (Fla. 1st DCA 1980) (jury should resolve whether parking space dispute arose from employee’s motivation to secure space for himself or protect designated parking space from outsiders for employer’s benefit). In this case, it was the business of the employer that placed *556 the employee in harm’s way.[2]
The record here also supports the conclusion that Blanton did not act in self-defense but instead overreacted to Appellant’s complaint. If the jury accepts this version of the facts, it can still conclude that Blanton’s loss of control was motivated by his purpose to serve Publix. In other words, although his method might have been inappropriate, his purpose was, nevertheless, to serve his employer. In business related disputes such as this one, particularly when they occur on the employer’s premises, the courts have repeatedly concluded that the employee’s purpose in committing a battery is a jury question. See, e.g., Rivas v. Nationwide Pers. Sec. Corp., 559 So.2d 668, 670 (Fla. 3d DCA 1990) (where supermarket security guard in physical altercation with store manager struck intervening store employee, question of fact whether guard was acting within scope of employment because “assault and battery sued upon arose out of a job dispute and was therefore within the scope of [the guard’s] employment ... ”); Gonpere Corp. v. Rebull, 440 So.2d 1307, 1307 (Fla. 3d DCA 1983) (whether building manager’s act of shooting two tenants was -within scope of employment was question of fact for jury where shooting resulted from dispute over eviction notice); Gordils v. DeVilliers, 402 So.2d 1313 (Fla. 4th DCA 1981) (where nightclub entertainer battered patron during dispute on premises, scope of employment was for jury); Dye v. Reichard, 183 So.2d 863 (Fla. 4th DCA 1966) (whether trailer park manager was acting within scope of employment when he hit invitee during dispute was for jury); Columbia by the Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963) (whether maitre d acted within scope of employment when he hit patron in head with ashtray following dispute over bill was for jury). This is not a case where the employer’s business was merely incidental to the encounter, such as where a domestic dispute happens to take place in the business premises. Here, the dispute was directly related to the business of the employer.
As a final point, Publix is simply misplaced in its argument that its policy against fisticuffs conclusively negates Appellant’s claim against it. Publix bases this argument on Blanton’s deposition testimony. When asked by Publix’s counsel if he thought putting his hands on Appellant was “something that [Publix] wanted [him] to do or asked for [him] to do,” the employee replied in the negative. This question only focuses on whether Blanton was actually acting within the scope of employment, not whether he apparently was acting within the scope. Under the latter theory, whether the employer authorized the act, or even forbade it, is immaterial. See Stinson, 94 So. at 657 (an act may be within “apparent” scope of employment even though “not authorized by, or was forbidden by, the employer....”).
REVERSED AND REMANDED.
GRIFFIN and BERGER, JJ„ concur.

. Of course, if the jury accepts Blanton’s testimony that he was reasonably acting in self-defense and did not use excessive force, then Publix will prevail, not because Blanton acted outside the scope of his employment, but because self-defense is a defense to battery. On the other hand, if the jury determines that Blanton's subjective purpose was self-defense but that he acted unreasonably or excessively, Publix would be vicariously liable.

. The test for ‘‘scope of employment” is the same regardless of whether the employer is a public or private entity. City of Miami v. Simpson, 172 So.2d 435, 437 (Fla.1965).