73 So.2d 71 (1954)
RIDDLE et al.
v.
AERO MAYFLOWER TRANSIT CO. et al.
Supreme Court of Florida. Division A.
June 4, 1954.
A.B. Angle, Morison Buck, Tampa, for appellants.
Macfarlane, Ferguson, Allison & Kelly, T. Paine Kelly, Jr., Tampa, for Aero Mayflower Transit Co., Shackleford, Farrior, Shannon & Stallings, G.T. Shannon, Tampa, for appellees.
MATHEWS, Justice.
Suit was filed because of an alleged willful assault committed by an employee upon the appellant, Anna Lou Riddle, while the employee was in the home of appellants for the purpose of moving household furniture and effects.
The business of the corporation was that of a common carrier in moving household goods. The employee was engaged by the common carrier to assist in carrying on that business. He was not engaged for the purpose of committing any assault and the commission of an assault was in no way connected with the business of the common carrier.
This is not a case where the corporation knew that the employee was a dangerous person or was chargeable with notice or knowledge of any fact that he was a dangerous person and might attempt to commit such an assault. To hold the corporation liable in such a case as this without some knowledge or notice of some kind that the employee was a dangerous individual would require an exploration into the field of intangibles and the adoption of some method not yet devised of determining the unknown and unusual desires and inclinations of the employee. The case of Chaney v. Frigidaire Corporation, 5 cir., 31 F.2d 977, 978, has correctly stated the law on this question.
*72 It is further alleged that the corporation is liable because an agent, employee or servant of the corporation stated under oath in open court, in a criminal action, with full knowledge of the testimony against the employee, that he would re-employ him, and this constituted a ratification of the act of the employee. In the case of Chaney v. Frigidaire Corporation, supra, the Court said:
"* * * Appellee's failure to discharge the salesman is not enough to show that it ratified or adopted the assault and battery, which it is alleged was committed by its salesman upon appellant. Williams v. Pullman Palace Car Co., supra [40 La. Ann. 417, 4 So. 85]; 21 R.C.L. 919. Indeed, it seems extravagant to suggest that appellee, by any action it might take, could ratify or adopt such conduct. There is no allegation that appellee sought to assert any right or claim based upon the tort of its salesman. At all events, if it did not believe the salesman was guilty, although it was mistaken in that view, it had the right to retain him in its service."
With reference to ratification of an act of an employee which is outside the scope of his employment in the case of Mallory v. O'Neil, Fla., 69 So.2d 313, 314, this Court said:
"* * * The rule is general that a criminal act committed outside the scope of the servant's authority cannot be ratified and the allegations here are not sufficient to show ratification, if in fact any exceptions to the rule exist. Even if defendant secured a lawyer to represent his servant and retained the servant in his employment after serving his jail sentence, that could not be said to ratify the servant's criminal act."
Affirmed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.