316 So.2d 581 (1975)
Carmen WAYNE, Appellant,
v.
UNIGARD MUTUAL INSURANCE COMPANY, Etc., et al., Appellees.
No. 74-1565.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Walter C. Lehmann, Miami, for appellant.
Highsmith, Strauss & Nelson, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff in the trial court appeals an order granting defendants' motion for summary judgment in this negligence action.
This suit resulted from an attack on the plaintiff by one Larry Burns six days after his employment had been terminated by the Rene Condominium Association for absenteeism. Plaintiff, Carmen Wayne, a condominium owner, filed a complaint against the association, its liability insurer, Unigard *582 Mutual Insurance Company, and others and alleged negligence on the part of Rene Condominium Association, Inc. in employing Larry Burns as a maintenance man as the association should have known of his dangerous character and reputation for violence. Plaintiff further alleged that she was not notified of the termination of Burns. After pretrial discovery, defendants filed a motion for summary final judgment which was granted after a hearing on said motion. Plaintiff, Carmen Wayne, appeals therefrom. We affirm.
First, it is undisputed that the incident in question occurred after Larry Burns had been terminated from the employ of the defendant association. Thus, there can be no liability under the rule of respondeat superior. See 21 Fla.Jur. Master and Servant § 71 (1958) and cases cited therein.
As to the theory of the negligent hiring of Burns, counsel for plaintiff admitted that he had no information to establish any prior criminal record of Larry Burns nor would an examination of the past record of Burns evidence any propensity for violence. In addition, plaintiff-appellant herself participated in the condominium association meeting at which Burns was introduced as being hired as a maintenance man.
Last, with respect to the contention that the defendant association was under a duty to inform plaintiff Wayne that Burns had been discharged from his employment, counsel for plaintiff again admitted that he could cite to no law which would require the management of a condominium association to notify each member of the condominium association after it terminates the employment of a custodial employee.
For the reasons stated hereinabove, the order granting summary final judgment is affirmed.
Affirmed.