440 So.2d 1307 (1983)
GONPERE CORPORATION, Dora Perera and Old Republic Insurance Company, Appellants,
v.
Pedro REBULL and Candida Rebull, Individually, and As Husband and Wife, Appellees.
Nos. 82-1599, 82-2264.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Rehearing Denied November 8, 1983.
Greene & Cooper and Robyn Greene and Joan M. Bolotin, Mottlau & Wakefield, Miami, for appellants.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel Eaton, Rossman & Baumberger, Miami, for appellees.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
*1308 BASKIN, Judge.
The issues in this appeal arise from the shooting injuries sustained by two tenants when an apartment building manager shot them and then shot and killed himself. A jury found that the injured tenants were entitled to recover damages under theories of respondeat superior and negligent supervision, hiring or retention. We affirm.
About a week before the shootings, a man wandered into the apartment complex and urinated on the walkway near tenant Pedro Rebull's door. After Pio Moreno, the 71-year-old apartment manager, and Rebull argued about Moreno's management of the building, Moreno asked the owner, Mrs. Perera[*], to evict Mr. and Mrs. Rebull. When Rebull read his eviction letter, he approached the manager to discuss the matter. That discussion culminated in the shooting. Responding to questioning, Moreno later stated that he "told them to move and they didn't move." At trial, evidence disclosed that although Moreno had worked primarily as a carpenter, he had also worked as a policeman in Cuba and as an armed security guard in the United States. His employer, however, was unaware of his complete employment history.
The jury found that the shooting of Mr. Rebull fell within the course of Moreno's employment and that the owners of the building were negligent. The jury awarded Mr. Rebull $375,000 for his injuries and $8,000 on his derivative claim and awarded Mrs. Rebull $40,000 for her injuries and $85,000 on her derivative claim.
As a general rule under the principles of the common law an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime not a homicide or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer.
Stinson v. Prevatt, 84 Fla. 416, 418-419, 94 So. 656, 657 (1922); Lay v. Roux Laboratories, Inc., 379 So.2d 451, 453 (Fla. 1st DCA 1980). Thus, the issue is whether the employee's purpose was to serve the principal or to serve himself. City of Miami v. Simpson, 172 So.2d 435 (Fla. 1965); Dieas v. Associates Loan Co., 99 So.2d 279 (Fla. 1957). See e.g., Parsons v. Weinstein Enterprises, Inc., 387 So.2d 1044 (Fla. 3d DCA 1980). Analysis of the employee's conduct focuses on the purpose of the employee's act rather than on the method of its performance.
If the employee, being engaged about the business of the employer, adopts methods which he deems necessary, expedient or convient, and the methods adopted prove hurtful to others, the employer may be held liable. The purpose of the employee's act, rather than the method of performance thereof, is said to be the important consideration.
Williams v. Florida Realty & Management Co., 272 So.2d 176, 177 (Fla. 3d DCA 1973) (citation omitted).
Whether the employee's act was committed within the scope of his employment or in furtherance of the employer's interest presents a question for jury determination. Simpson; Weiss v. Jacobson, 62 So.2d 904 (Fla. 1953); Parsons; Gold Coast Parking, Inc. v. Brownlow, 362 So.2d 288 (Fla. 3d DCA 1978), cert. dismissed, 368 So.2d 1367 (Fla. 1979). Also for jury decision is the issue concerning whether the employer could have expected the conduct. Dieas.
The jury verdict rests on competent evidence and the verdict must be sustained. Helman v. Seaboard Coast Line R. Co., 349 So.2d 1187 (Fla. 1977). Finding no merit in appellants' other points, we affirm the trial court's denial of appellants' motion for summary judgment and directed verdict. The judgment is affirmed.
Affirmed.
*1309 BARKDULL, Judge, dissenting.
There was insufficient evidence to raise a jury issue on negligent hiring, retention or supervision. Appellants can be charged with only such information as reasonable investigation would reveal. Appellees admitted at trial that investigation into Moreno's background would not have revealed dangerous propensities. His background shows no such propensities.[1] To prove negligent retentions or supervision appellees must show foreseeability and ability to prevent the violent acts. Even appellees were surprised by Moreno's behavior. Appellants' actions or inaction were not the legal cause of appellees' injuries. In order to be a legal cause the actions of a defendant must more likely than not be a substantial factor in bringing about the result. Riddle v. Aero Mayflower Transit Co., 73 So.2d 71 (Fla. 1954); Weiss v. Jacobson, 62 So.2d 904 (Fla. 1953); Williams v. Feather Sound, Inc., 386 So.2d 1238 (Fla. 2d DCA 1980); Tiny's Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1977); Wayne v. Unigard Mutual Insurance Company, 316 So.2d 581 (Fla. 3d DCA 1975); McArthur Jersey Farm Dairy, Inc. v. Burke, 240 So.2d 198 (Fla. 4th DCA 1970); Restatement of the Law 2d, Agency, Sections 231 a and 235 c.
NOTES
[*] Gonpere Corporation owns the apartment building. Reference to Mrs. Perera, the president of Gonpere, as owner is appropriate in this case.
[1] The fact that a witness testified that he once heard that Moreno told someone he shot three people in Cuba, is consistent with his prior employment as a policeman and security guard.