457 So.2d 1156 (1984)
Judith ABBOTT, a/K/a Judith Hanscom, Appellant,
v.
Randy PAYNE, et al., Appellees.
No. 84-369.
District Court of Appeal of Florida, Fourth District.
October 31, 1984.
John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for appellant.
Theodore R. Hainline of Hainline Billing Cochran & Heath, P.A., Fort Lauderdale, for appellee, Apollo Termite & Pest Control Co.
BARKETT, Judge.
Plaintiff/appellant appeals the order dismissing her amended complaint with prejudice. We reverse.
The amended complaint alleged the following: (1) the plaintiff contracted with the defendant, Apollo Termite & Pest Control Company, to provide regular pest control service in her home; (2) co-defendant Randy Payne was the Apollo employee designated to provide the service in plaintiff's home; (3) plaintiff worked full time so it *1157 was necessary for the appellee company to have access to her home when she was not there; (4) because Payne would have a key and independent access to her home, the plaintiff sought and obtained representations from the company that Payne was honest, reliable, and trustworthy, and that the company was fully bonded; (5) plaintiff relied on those assurances and allowed Payne into her home; and (6) shortly after his employment with the company had ended, Payne broke into plaintiff's home at night and physically assaulted her.
The amended two-count complaint claims damages against Payne in Count I for assault and battery and claims damages against the defendant/appellee Apollo in Count II for negligent hiring and employment. It is our view that the complaint states a cause of action for negligent hiring and employment.
There is no question that an employer can be liable in tort for negligent hiring and employment. Petrik v. New Hampshire Insurance Company, 379 So.2d 1287 (Fla. 1st DCA 1979). Liability can also attach for the conduct of an ex-employee. Wayne v. Unigard Mutual Insurance Company, 316 So.2d 581 (Fla. 3d DCA 1975). The question posed in this case, however, is whether or not an employer has a duty to inquire into a prospective employee's background, including past employment and references. The question has been answered affirmatively in Williams v. Feather Sound, Inc., 386 So.2d 1238 (Fla. 2d DCA 1980). In that case, the court discussed the extent of an employer's responsibility to learn pertinent facts concerning his employee's character. The Second District differentiated between an employee hired to do outside work and one acquiring access to the inside of apartments or homes.
If an employer wishes to give an employee the indicia of authority to enter into the living quarters of others, it has the responsibility of first making some inquiry with respect to whether it is safe to do so.
Id. at 1240. That court ultimately reversed the summary judgment granted below and held that an employer is chargeable with such information concerning the employee's background as it could have obtained upon reasonable inquiry. Id. at 1241.
We agree with the holding in Williams v. Feather Sound, supra, and hold that an employer who knows that an employee will have free and independent access to the homes of its customers has an obligation to make reasonable efforts to inquire into such employee's past employment and past records. This is especially so when, as in the present case, it is alleged that the defendant affirmatively reassured appellant that its employee was honest, reliable, and trustworthy. Of course, the reasonableness of an employer's efforts to inquire into the background of a prospective employee, and the reasonableness of the subsequent decision to allow the employee to enter a customer's home, are jury questions.
Accordingly, we find that the amended complaint sufficiently states a cause of action, and the order of the trial court dismissing the amended complaint is hereby reversed. The case is remanded for further proceedings in accordance herewith.
REVERSED AND REMANDED.
WALDEN, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.