491 So.2d 1311 (1986)
Harry CARROLL and Mary Ann Carroll, Appellants,
v.
KENCHER, INC., Appellee.
No. 85-1973.
District Court of Appeal of Florida, Fourth District.
August 6, 1986.
*1312 David K. Markarian of Haddad, Josephs & Jack, Coral Gables, for appellants.
Melanie G. May of Bunnell, Denman & Woulfe, Fort Lauderdale, for appellee.
WALDEN, Judge.
Appellants, Harry and Mary Ann Carroll, appeal from an order granting a directed verdict in favor of appellee, Kencher, Inc. After reviewing the evidence in the light most favorable to appellants, we find that there was sufficient competent evidence tending to support a verdict in favor of appellants. Therefore, the granting of the directed verdict by the trial court was improper. We reverse.
On April 22, 1983, Harry Carroll, a building inspector for the City of Tamarac, entered the premises at 7625 Banyan Terrace in Tamarac to conduct a building inspection. Kencher, Inc. was constructing a single family home on said premises. Upon entering the premises, Carroll was attacked by Bobby Brown, and was forced to sign a card verifying that Kencher's construction work had passed inspection.
Brown was a subcontractor who worked for Kencher during 1982 and 1983. Kencher was the licensed general contractor on the job. Brown did not have a certificate of competency or a contractor's license for Broward County. Mr. Schwartz, Kencher's principal officer, was at the job site every day, where he answered questions that Brown had concerning the plans, made sure that the ordered materials were available and did general supervision. Brown could read and follow blueprints.
Brown provided the labor for the basic construction of the shells of houses, which included the slab, tabbing and roof. Kencher purchased the materials used by Brown, and paid Brown on a weekly basis. In addition, Kencher purchased workman's compensation insurance to cover Brown and his laborers. Brown allegedly reimbursed Kencher for the insurance by Kencher withholding part of the monies owed to him from Brown's weekly check.
After the incident in question, appellants filed a complaint against Kencher, alleging that Brown was an agent, servant or employee of Kencher and was acting within the scope of his employment. Kencher asserted no liability because Brown was an independent contractor. The status of Brown was the critical determinative issue.
The existence of an employer/employee relationship depends upon the facts of each particular case. Stevens v. International Builders of Florida, Inc., 207 So.2d 287 (Fla. 3d DCA 1968). However, the Florida Courts have adopted a number of criteria, as formulated by Restatement (Second) of Agency, Section 220 (1958), to aid in making this determination. See Cantor v. Cochran, 184 So.2d 173 (Fla. 1966); D.O. Creasman Electronics, Inc. v. State, Dept. of Labor, 458 So.2d 894 (Fla. 2d DCA 1984).
This criteria includes:
(1) the extent of the control by the employer over the details of the work;
(2) whether the person employed is engaged in a distinct occupation or business;
(3) the kind of occupation involved, and whether the work is done under the direction of the employer or by a specialist without supervision;
(4) the skill required in the particular occupation;
(5) whether the employer supplies the instrumentalities, tools, and the place of work;
(6) the length of time the person is employed;
(7) whether or not the work is a part of the regular business of the employer.
Applying this criteria to the facts herein, we find that there was sufficient evidence presented from which a jury could have lawfully decided that Brown was an employee *1313 of Kencher's. When there are varying inferences and conclusions which can be drawn from the facts, as in this case, the issue of whether an individual is an employee or an independent contractor should be submitted to the jury. See Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984).
The issue of whether Brown acted within the scope of his employment should also have been submitted to the jury. The employer's purpose is the most important fact in determining scope of employment. Gonpere Corp. v. Rebull, 440 So.2d 1307 (Fla. 3d DCA 1983). Here, Brown would receive payment only after his work has passed inspection. However, Kencher also had a monetary interest in having the construction finished in a timely manner. Where there is a question as to whether the employee's purpose was to serve the principal or himself, it is best submitted to a jury. Id.
We conclude that there was competent evidence supporting a verdict in favor of appellants. Therefore, the granting of the directed verdict by the trial court was an improper invasion by the court of the province of the jury. See Stenback v. Racing Associates, Inc., 394 So.2d 1128 (Fla. 4th DCA 1981).
We reverse and remand for a new trial.
LETTS and STONE, JJ., concur.