PER CURIAM.
This is an appeal by the plaintiff General Electric Credit Corporation from a partially adverse final judgment entered upon a jury verdict in a conversion/negligent hiring action arising out of the destruction of the plaintiff’s aircraft by an employee of the defendant Island City Flying Service; this is also a cross appeal by the defendant Island Flying Service from the same judgment. The jury found that the defendant was negligent, but also found that the plaintiff was guilty of 75% comparative negligence because its lessee left the aircraft unlocked, which thus enabled the defendant’s employee to steal and crash the subject aircraft. We affirm in part and reverse in part based on the following briefly stated legal analysis.
First, we conclude that the trial court properly denied the defendant Island Flying Service’s motion for a directed verdict at trial. There was ample evidence adduced below upon which a jury could have concluded that this defendant was negligent in hiring an employee who had a prior military prison record, and that therefore the defendant was liable for the theft of the plaintiff’s aircraft by the said employee committed by virtue of the latter's employment status with the defendant. Contrary to the argument of the defendant, we conclude that the jury on this record could have reasonably concluded, as it undoubtedly did, that such a theft was reasonably foreseeable by the defendant. We therefore see no merit in the defendant’s cross appeal. See Harrison v. Tallahassee Furniture Co., 529 So.2d 790 (Fla. 1st DCA 1988); Abbott v. Payne, 457 So.2d 1156, 1157 (Fla. 4th DCA 1984); Williams v. Feather Sound, Inc., 386 So.2d 1238 (Fla. 2d DCA 1980), rev. denied, 392 So.2d 1374 (Fla.1981); see also Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986).
Second, we conclude that the trial court committed reversible error in instructing the jury that the plaintiff, as the owner of the aircraft, was responsible for any comparative negligence of its lessee, Southern Express, in failing to lock the subject aircraft prior to its theft by the defendant’s employee. We reach this result because (a) the employee-thief could not, himself, rely on the plaintiff’s imputed comparative negligence for leaving the aircraft unlocked prior to the sued-upon theft, as comparative negligence is not a good defense to an intentional tort, see Federal Deposit Ins. Corp. v. Marine Nat’l Bank, 431 F.2d 341, 344-45 (5th Cir.1970) (trover & conversion; contributory negligence); Deane v. Johnston, 104 So.2d 3 (Fla.1958) (public nuisance;. same); Prosser and Keeton on The Law of Torts § 67, at 477-78 (W. Keeton ed. 5th ed. 1984); accord 4 F. Harper, F. James, O. Gray, The Law of Torts § 22.5, at 294-95 (1986), and (b) the defendant, by virtue of its negligent hiring of the aforesaid employee-thief, stands in the shoes of the said employee, being legally responsible for his act of theft, and therefore can no more avail it of the owner’s imputed comparative negligence than can the employee-thief.
The final judgment under review is affirmed save for the 75% finding of comparative negligence which is hereby stricken, and the cause is remanded to the trial court with directions to enter judgment in favor of the plaintiff and against the defendant Island Flying Service for the full amount of *522 the damages returned by the jury, undiminished by the 75% comparative negligence finding.
Affirmed in part; reversed in part and remanded.