559 So.2d 668 (1990)
Marta RIVAS and Alberto Rivas, Appellants,
v.
NATIONWIDE PERSONAL SECURITY CORPORATION and Arthur Hinton, Appellees.
No. 89-1598.
District Court of Appeal of Florida, Third District.
April 3, 1990.
*669 Omar F. Medina, Tampa, for appellants.
No appearance for appellees.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Marta and Alberto Rivas from a final judgment entered in an action for personal injuries arising out of an assault and battery committed by the defendant Arthur Hinton while he was employed at a supermarket for the defendant Nationwide Personal Security Corporation. The jury returned a verdict of $25,000 in compensatory damages and zero dollars in punitive damages against both defendants on the plaintiff Marta Rivas' claim  as well as a verdict of zero dollars against both defendants on the plaintiff Alberto Rivas' claim. The trial court thereafter granted the defendant Nationwide Personal Security Corporation's renewed motion for directed verdict on the plaintiff Marta Rivas' claim. We affirm in part and reverse in part.
First, the plaintiffs are not entitled, as urged, to a new trial based on (1) the trial court's unobjected-to comments during voir dire of the jury, and (2) the trial court's refusal to allow two of the plaintiffs' witnesses to testify through an interpreter. The trial court's comments were in no way improper and fall far short of constituting a fundamental error. See Lusk v. State, 446 So.2d 1038, 1042 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984); Little v. Bankers Nat'l Life Ins. Co., 369 So.2d 637, 638 (Fla. 3d DCA 1979); cf. Whitenight v. International Patrol & Detective Agency, Inc., 483 So.2d 473 (Fla. 3d DCA), rev. denied, 492 So.2d 1333 (Fla. 1986). Moreover, there is no showing that the trial court abused its discretion in refusing an interpreter, as requested, inasmuch as the two witnesses in question testified satisfactorily in English; indeed, there is no indication in this record that their testimony was in any way garbled or incomplete. Bolender v. State, 422 So.2d 833, 836-37 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983). This being so, (1) the final judgment entered upon the jury verdict as to the defendant Arthur Hinton on both plaintiffs' claims is affirmed, and (2) the final judgment entered in favor of the defendant Nationwide Security Corporation on the plaintiff Alberto Rivas' claim is affirmed.
Second, the trial court, however, committed reversible error in directing a verdict in favor of the defendant Nationwide Personal Security Corporation on the plaintiff Marta Rivas' claim. Contrary to the trial court's determination, we conclude *670 that on this record a jury question was presented as to whether the assault and battery sued upon was committed by the defendant Arthur Hinton within the scope of his employment with the defendant Nationwide Personal Security Corporation. The defendant Hinton was on the job in the supermarket when he became embroiled in a job dispute with the supermarket manager; the plaintiff Marta Rivas, a supermarket cashier, screamed for help when Hinton began choking the manager; Hinton then struck Marta Rivas to silence her and thus diffuse a disruptive situation in the store. In our view, the jury was entitled to conclude, as it did by special interrogatory verdict, that the assault and battery sued upon arose out of a job dispute and was therefore within the scope of Hinton's employment with Nationwide Personal Security Corporation. Gonpere Corp. v. Rebull, 440 So.2d 1307 (Fla. 3d DCA 1983); Parsons v. Weinstein Enter., Inc., 387 So.2d 1044 (Fla. 3d DCA 1980); Lay v. Roux Laboratories, Inc., 379 So.2d 451 (Fla. 1st DCA 1980); Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla. 3d DCA 1973); Forster v. Red Top Sedan Serv., Inc., 257 So.2d 95 (Fla. 3d DCA 1972); Sixty-Six, Inc. v. Finley, 224 So.2d 381 (Fla. 3d DCA 1969); Columbia by the Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963). This being so, the final judgment entered upon the directed verdict in favor of the defendant Nationwide Personal Security Corporation on the plaintiff Marta Rivas' claim is reversed, and the cause is remanded to the trial court with directions to enter judgment in favor of the plaintiff Marta Rivas based on the jury verdict previously returned.
Affirmed in part; reversed in part and remanded.