PER CURIAM.
Eduardo Montadas, a pizza deliveryman, appeals an adverse final summary judgment entered in his personal injury action below. The trial court essentially concluded as a matter of law that the vice president/owner of appellee Dade Scrap Iron and Metal, Inc., who allegedly attacked Montadas in an altercation over a late delivery, was not acting within the scope of his employment nor in furtherance of appellee’s interests. We reverse because there are conflicting accounts in the record as to whether appellee had a practice of ordering in pizza for its employees to expedite their lunch breaks in order to make more productive use of their time. Thus, there is an underlying factual dispute as to whether the alleged attacker was acting in furtherance of a perceived business interest in ensuring that his employees’ time away from their jobs was not unnecessarily wasted. Where, as here, there are disputed facts surrounding the question of whether an employee’s act was committed within the scope of his employment and/or in furtherance of his employer’s business interests, the entry of summary judgment is inappropriate. Gonpere Corp. v. Rebull, 440 So.2d 1307 (Fla. 3d DCA 1983) (citing City of Miami v. Simpson, 172 So.2d 435 (Fla.1965), Weiss v. Jacobson, 62 So.2d 904 (Fla.1953), Parsons v. Weinstein Enters., Inc., 387 So.2d 1044 (Fla. 3d DCA 1980), and Gold Coast Parking, Inc. v. Brownlow, 362 So.2d 288 (Fla. 3d DCA 1978), cert, dismissed, 368 So.2d 1367 (Fla.1979)); cf. St. Paul Fire & Marine Ins. Co. v. McDonald, 525 So.2d 455 (Fla. 4th DCA), rev. denied, 536 So.2d 245 (Fla.1988); Johnson v. Gulf Life Ins. Co., 429 So.2d 744 (Fla. 3d DCA 1983) (both cases finding that scope of employment is an issue of law where there is no fact conflict). The entry of summary judgment was therefore error.
Reversed and remanded.