RAMIREZ, C.J.
 

 This is an appeal of a summary final judgment in a personal injury case. The question is whether the corporate defendant is vicariously liable for the acts of its president. As a jury question has been presented, we reverse the summary judgment now before us. La Dorada Coral Gables, Inc., defendant below, is a restaurant (“the restaurant”). Its president and sole shareholder is Jose F. Cabeza, also a defendant below. For several years, the restaurant employed Jose Diaz, plaintiff below, as a waiter and busboy.
 

 Cabeza is the owner of the restaurant and resides in Spain. His son manages the restaurant when Cabeza is not there. When Cabeza is present at the restaurant, he runs the restaurant and supervises the staff. According to the depositions, Cabe-za supervise the kitchen, and possibly other parts of the restaurant. While giving orders, Cabeza is loud and verbally abusive. A female deponent stated that Cabe-za had pushed her. The affidavits from three of the employees stated Cabeza was verbally and physically abusive.
 

 The plaintiff alleged Cabeza verbally abused him and then struck him with a wine bottle and poked or stabbed him with a fork. According to the plaintiff, this physical contact occurred for no apparent reason. The plaintiff sued Cabeza for assault and battery; he sued the restaurant on the theory that the restaurant was vicariously liable for Cabeza’s acts.
 
 [1]
 

 The restaurant moved for summary judgment on the theory that it could not be held vicariously hable for Cabeza’s intentional torts. The restaurant argued that Cabeza’s acts of assault and battery
 
 *558
 
 could not have been motivated by a purpose to serve the interests of the restaurant, and therefore there could be no vicarious liability on the part of the restaurant. The trial court entered summary judgment in favor of the restaurant and the plaintiff has appealed.
 
 [2]
 

 The question is whether Cabeza’s actions were within the scope of his employment. Usually this is a factual issue for the jury.
 
 Canaveras v. Cont’l. Group, Ltd.,
 
 896 So.2d 855 (Fla. 3d DCA 2005);
 
 Montadas v. Dade Scrap Iron & Metal, Inc.,
 
 666 So.2d 1054 (Fla. 3d DCA 1996);
 
 Woods v. City of Miami,
 
 646 So.2d 836 (Fla. 3d DCA 1994);
 
 Rivas v. Nationwide Personal Sec. Corp.,
 
 559 So.2d 668 (Fla. 3d DCA 1990);
 
 Gonpere Corp. v. Rebull,
 
 440 So.2d 1307 (Fla. 3d DCA 1983).
 

 Because this is a summary judgment, we interpret the factual record in the light most favorable to the plaintiff as the nonmoving party. Further, all factual inferences must be drawn in favor of the plaintiff as the nonmoving party.
 
 See Markowitz v. Helen Homes of Kendall Corp.,
 
 826 So.2d 256, 258-59 (Fla.2002).
 

 A fair reading of the record is that on the day in question, the plaintiff was at work at the restaurant. The owner, Cabe-za, was there and giving orders. While on the premises and while work was ongoing, Cabeza struck the plaintiff with a bottle and poked or stabbed him with a fork. Based on the allegations and the depositions and affidavits, a jury could reasonably conclude that Cabeza employed aggressive behavior to make his staff work harder and faster. Because that is a permissible inference from the stated facts, there is an issue for the jury.
 

 In
 
 Montadas,
 
 the plaintiff was a pizza delivery person who made a delivery to the defendant’s work place. The pizza was delivered late and the owner of the defendant company attacked the delivery person. This court held that there was a factual issue about whether the president/owner was acting in furtherance of the business. 666 So.2d at 1055.
 

 In
 
 Rivas,
 
 the defendant corporation employed Arthur Hinton as a security guard at a supermarket. He got into an argument with the supermarket manager and began choking the manager. Plaintiff Rivas screamed for help and Hinton struck Rivas to silence her. The trial court entered a directed verdict in favor of the defendant. This Court overturned the directed verdict and ordered that the jury verdict in favor of Rivas be reinstated. Our Court concluded that there was a jury issue about whether the “assault and battery sued upon arose out of a job dispute and was therefore within the scope of Hinton’s employment with Nationwide Personal Security Corporation.” 559 So.2d at 669.
 

 The restaurant relies on a statement by the plaintiff that Cabeza struck him for no apparent reason. The restaurant argues that if Cabeza acted for no apparent reason, then it is impossible Cabeza was acting in furtherance of the restaurant’s interests. This argument reads the record in the wrong light. When saying that Cabeza struck the plaintiff for no apparent reason, the plaintiff is saying he did not do anything to give Cabeza cause to strike him. That is, the plaintiff did not strike or push Cabeza or start a fight with Cabeza, such that Cabeza would have been justified in striking the plaintiff. That statement, however, cannot be read to mean that Cabeza struck for no apparent business reason. A jury under these facts could well conclude that Cabeza’s purpose for
 
 *559
 
 abusing his employee was to make him work harder and faster.
 

 We reverse the summary judgment and remand for further proceedings consistent herewith.
 

 [1]
 

 . The plaintiff also made a worker's compensation claim. That claim was settled for a nominal sum. The settlement documents specifically allowed the plaintiff to pursue his tort claims in the lawsuit now before us.
 

 [2]
 

 . The claims against Cabeza individually remain pending in die trial court.